OSCN Found Document:KUTZ v. DEERE & COMPANY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 KUTZ v. DEERE & COMPANY
2015 OK CIV APP 6
342 P.3d 1018
Case Number: 111624
Decided: 12/19/2014
Mandate Issued: 01/23/2015
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 6, 342 P.3d 1018

 

JOHN KUTZ, An Individual, 
Plaintiff/Appellant,
and
American Farmers and Ranchers Mutual Insurance 
Company, an Oklahoma Corporation, Plaintiff,
v.
DEERE & COMPANY, A 
Foreign Corporation, and GRISSOMS, L.L.C., an Oklahoma Limited Liability 
Company, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
OKMULGEE COUNTY, 
OKLAHOMA
HONORABLE H. MICHAEL CLAVER, TRIAL JUDGE

AFFIRMED

Richard D. Gibbon, GIBBON, BARRON & BARRON, P.L.L.C., Tulsa, Oklahoma, 
for Plaintiff/Appellant,
Jo Anne Deaton, Lindsey McDowell, RHODES, 
HIERONYMUS, JONES, TUCKER & GABLE, P.L.L.C., Tulsa, Oklahoma, for 
Defendant/Appellee, Deere & Company,
Tessa L. Hager, Bart J. Robey, 
CHUBBUCK, DUNCAN & ROBEY, Oklahoma City, Oklahoma, for Defendant/Appellee, 
Grissoms, L.L.C.


Wm. C. Hetherington, Jr., Vice-Chief Judge:
¶1 Plaintiffs Kutz and Plaintiff American Farmers and Ranchers Mutual 
Insurance Company (AFR) filed this action alleging manufacturers' product 
liability, breach of warranties, negligence, and fraud against 
Defendants/Appellees Deere & Company (Deere) and Grissoms, L.L.C. (Grissoms, 
or collectively, Appellees). Appellees moved for summary adjudication against 
Kutz, arguing the parties' settlement agreement barred all of Kutz's claims. 
Kutz opposed the motion, and Appellees moved to strike his supporting affidavit. 
The trial court granted both motions, and after AFR dismissed its claims, Kutz 
timely moved for a new trial. His appeal challenges all three trial court 
rulings.
STANDARD OF REVIEW
¶2 Kutz's appeal is submitted without appellate briefs in conformance with 
Okla.Sup.Ct.R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1. We review a denial of a 
motion for new trial for abuse of discretion, however, when the trial court's 
exercise of such discretion rests on the propriety of the underlying grant of 
summary judgment, "the abuse-of-discretion question is settled by our de novo 
review of the summary adjudication's correctness." Reeds v. Walker, 
2006 OK 43, ¶ 9, 157 P.3d 100. All inferences and 
conclusions are to be drawn from the underlying facts contained in the record 
and are to be considered in the light most favorable to the party opposing the 
summary judgment. Rose v. Sapulpa Rural Water Co., 1981 OK 85, 621 P.2d 752. Summary 
judgment is improper if, under the evidentiary materials, reasonable individuals 
could reach different factual conclusions. Gaines v. Comanche County Medical 
Hospital, 2006 OK 39, ¶4, 143 P.3d 203.
HISTORY OF CASE
¶3 The underlying facts in this case surround Kutz's purchase of a swather 
and rotary platform (farm equipment) in 2007 for use in his custom hay cutting 
business from Grissoms, LLC, a farm equipment dealer for Deere & Company in 
Okmulgee County, Oklahoma, with which Kutz had done business for many years. The 
header of the farm equipment caught fire three weeks post-purchase and numerous 
times thereafter between the 2007-2009 haycutting seasons despite efforts by 
Defendant Grissoms to discover and fix the problem.
¶4 On June 23, 2009, the allegedly defective farm equipment was totally 
destroyed by fire. Two weeks later Grissoms supplied Kutz with replacement 
equipment for which he later discovered was subject to a rental contract with a 
daily rental fee.
¶5 In August 2009, Kutz wrote a letter to Deere in which he made a detailed 
proposal to settle the situation, including payment of his prior accounts and 
sale of a rotary platform to him "for [$10,000.00]" with a reasonable financing 
rate.[1] That 
same month, Deere drafted a "Settlement Agreement and Release" with the terms on 
which the parties had agreed, i.e., a $10,000.00 credit "towards the 
purchase of John Deere 995 Rotary Platform PIN [########]."[2] A representative of Grissoms, 
Mr. Rink, took the Settlement Agreement to Kutz on August 25, 2009, who signed 
it that same day. It is undisputed Kutz received the $10,000.00 credit on his 
purchase of the specified farm equipment.
¶6 In June of 2011, Kutz and AFR, which insurance carrier undisputedly paid 
Kutz for the repairs and the total loss on the farm equipment in 2009, filed 
this suit in Okmulgee County District Court against Defendants Deere and 
Grissoms. Defendants filed separate answers, admitting the court's jurisdiction 
over the parties, denying the material allegations in the petition, and raising, 
as one of several affirmative defenses, Kutz's previous settlement and release 
of all his claims against the defendants arising from the subject fire.[3] Defendants 
moved for summary judgment against Kutz only, relying primarily on the parties' 
previously executed Settlement Agreement as a bar to his present action. Kutz 
opposed the motion, and attached supporting evidentiary material including his 
affidavit. Defendants moved to strike Kutz's affidavit as self-serving, 
inconsistent with his prior sworn depositon testimony, etc. The trial court 
granted both motions in its "Order" filed December 17, 2012.
¶7 Kutz identifies eight errors he contends requires reversal of the trial 
court's summary judgment ruling. Concerning the striking of Kutz's affidavit, he 
raises as issues on appeal the four grounds Defendants argued in their motion to 
support the court's action. Because the latter ruling limited the evidentiary 
material allegedly supporting Kutz's opposition to summary adjudication, we 
address this predicate issue first.
Striking of Kutz's affidavit
¶8 Defendants argue Kutz's affidavit "is almost the entire basis to 
support [his] claims that the Settlement Agreement is invalid and that he was 
under duress at the time he signed the Agreement." They contend the striking of 
Kutz's affidavit is warranted because it is 1) inconsistent with his prior sworn 
testimony, 2) completely self-serving without independent supporting evidence, 
3) not based on personal knowledge and/or 4) improper, irrelevant and immaterial 
for purposes of Defendants' summary judgment motion.
¶9 "When determining whether an affidavit may be disregarded because it 
attempts to create a sham issue of fact, the Court may consider whether the 
party was cross-examined during earlier testimony, whether the party had access 
to the evidence at the time of earlier testimony or whether the affidavit was 
based on newly discovered evidence, and whether the earlier testimony reflects 
confusion which the affidavit attempts to explain." Tortorelli v. Mercy 
Health Center, Inc., 2010 OK CIV 
APP 105, ¶ 30, 242 P.3d 549, 
561 (citing Ishmael v. Andrew, 2006 OK CIV APP 82, ¶16, 137 P.3d 1271, 1276). "A trial 
court may disregard an affidavit purporting to create an issue of fact by 
directly contradicting prior deposition testimony during which the deponent was 
both cross-examined and had access to the information forming the basis for the 
affidavit at the time of the deposition." Tortorelli, id., (citing 
Savage v. Burton, 2005 OK CIV 
APP 106, 125 P.3d 1249).
¶10 In this case, Kutz was deposed at great length in July 2012 with his 
attorney present about evidence to which he clearly had prior access, 
including his letter to Deere proposing a settlement of their dispute. At 
the deposition, Kutz admitted not being forced to write his proposal letter, he 
understood "reaching a settlement" meant the parties would compromise and end 
their dispute, and that he knew he was releasing his personal claims for money 
arising from the fire and the equipment. He also admitted he was neither told 
nor threatened that if he did not settle and/or release his claims with Deere 
that it would not let him rent the haying equipment from Grissoms.
¶11 In contrast, Kutz's affidavit executed in October 2012, explains, in 
pertinent part, that he was "instructed" to include certain waiver terms in his 
settlement proposal, that a week later he "complied," Defendants knew about "the 
disaster to my [future] business without workable equipment" yet had "insisted 
upon [his] signature" on the Settlement Agreement, and "the pressure of the 
situation was of such magnitude that his acceptance of the instrument was mired 
by the duress that he was placed under the circumstances." Further, Kutz's 
affidavit neither mentions newly-discovered (post-deposition) evidence nor 
attempts to explains his prior deposition testimony reflects confusion. Based on 
Tortorelli and its supporting authority, we conclude the trial court did 
not err in rejecting Kutz's affidavit.
Summary Judgment in favor of Defendants
¶12 Kutz also argues Defendants failed to carry their burden to establish a 
valid settlement agreement that was not coerced by economic duress. Duress is 
always question for the jury, and his evidentiary material supports coercion and 
duress prior to and at the time the Settlement Agreement was executed.
¶13 "The law and public policy favor settlements and compromises, entered 
into fairly and in good faith between competent persons, as a discouragement to 
litigation and such agreements are generally enforced absent fraud, duress, 
undue influence, or mistake." Whitehorse v. Johnson, 2007 OK 11, ¶ 9, 156 P.3d 41, 46. "A settlement 
agreement is a contract which constitutes a compromise between two or more 
parties to avoid a lawsuit and amicably to settle their differences on such 
terms as they can agree." Id.
¶14 Kutz argues in his response that "the freedom of [his] consent was not 
present" which he claims "was known to the Defendants as early as July 27, 2009, 
in [Kutz's] letter regarding the rental agreement being signed under duress." He 
further claims "there was not a meeting of the minds prior to the signing of the 
Settlement Agreement plus the agreement was ambiguous," the bases for 
which can best be described as being silent on the specifics of the $10,000 
credit and accuracy of the header description.
¶15 We disagree with Kutz. Whether a settlement agreement and/or release is 
clear and unambiguous or the same is ambiguous is a question for the Court. 
Corbett v. Combined Communications Corporation of Oklahoma, Inc., 1982 OK 135, ¶ 5, 654 P.2d 616, 617.
¶16 As relevant here, the Settlement Agreement and Release states as 
follows:

 
 The undersigned, John Kutz, for the sole consideration of the provisions 
 herein documented in the settlement agreement made part of this recital, 
 does forever release and discharge Deere & Company and Grissoms, 
 L.L.C., their subsidiaries and affiliates . . . agents, assigns from all 
 claims, demands, damages, actions, causes of action or lawsuits of any kind 
 or nature whatsoever, including revocation of acceptance, and on account of 
 all injuries or losses, known and unknown, present and future, both to 
 persons and property, including consequential damages, resulting from a fire 
 to John Deere 4995 Windrower, PIN [########] and John Deere 994 Rotary 
 Platform -PIN [########] that occurred on June 23, 2009 at or near 
 Morris, Oklahoma. (Italics added.)
Like the release in Corbett, the subject agreement clearly and 
unambiguously covers all of Kutz's claims that he has pleaded in this action 
against Defendants and about all of which he undisputedly knew at the time the 
Settlement Agreement was executed. "In the absence of fraud or mistake, an 
executed agreement of settlement is as conclusive against a party seeking to 
avoid it as the final judgment of a court of competent jurisdiction." Id. 
Kutz has not alleged mistake in this case and his allegation of fraud addresses 
only the rental agreement.
¶17 After Corbett, the Supreme Court also recognized economic duress 
as a possible basis for avoiding a settlement agreement in Centric 
Corporation v. Morrison-Knudsen Co., 1986 OK 83, 731 P.2d 411. According to the 
Court,

 
 The elements comprising economic duress are:
 A. The settlement was the result of a wrongful or unlawful act 
 which
 (1) was initiated by the coercing party,
 (2) was committed with knowledge on the part of the coercing party of the 
 impact it would have,
 (3) was made for the purpose of, and reasonably adequate to secure 
 coercion over the other, and
 (4) resulted in obtaining undue advantage over the other.
 B. The act or acts complained of in (A) must have deprived the coerced 
 party of its free will, leaving no adequate legal remedy nor reasonable 
 alternative available. In this respect it is not enough that the alleged 
 victim merely show, for example:
 (1) its reluctance to settle,
 (2) its financial embarrassment, or
 (3) its business necessities.
 C. Detriment to the complaining party caused 
thereby.
Id., 1986 OK 83, ¶ 14, 
731 P.3d at 417. The Court in Centric Corporation further explained 
"although the question of actual duress is always a question of fact for the 
jury, the trial court is not required to submit evidence to the jury which 
does not measure up to the required standard of proof." Id. 
"[W]hether the alleged facts are sufficient to constitute duress is a question 
of law." Id.
¶18 Viewing the remaining evidentiary material in the light most favorable to 
Kutz, we find no allegations and more importantly, no evidentiary materials of 
any wrongful or unlawful acts, threats or threatened actions by either Defendant 
that deprived Kutz of his free will, as required by Centric Corporation. 
See also Deutsche Bank National Trust Co. v. Daniel, 2009 OK CIV APP 13, 217 P.3d 127; Clinesmith v. 
Harrell, 1999 OK CIV APP 121, 
992 P.2d 926. Further, on this 
record, it is undisputed Kutz initiated the settlement with Defendants. At best, 
Kutz has demonstrated a business necessity to settle the matter, which the Court 
in Centric Corporation held was insufficient to prove economic duress. 
The trial court's summary judgment in favor of Defendants is AFFIRMED.

JOPLIN, P.J., and BUETTNER, J., concur.

FOOTNOTES

[1] Kutz's 
August 13, 2009 letter to Deere states:
I am writing this letter in hopes we can settle the situation involving the 
4995 John Deere swather and 994 Rotary platform.
The lost (sic) of revenue and customers because of this machines problems has 
caused considerable hardship on me and my operation. However, I would like to 
work out some sort of arrangement as to how to stop any future legal 
disputes.
I have limited funds and am willing to propose the following
Pay John Deere credit the amount still owed on accounts [########] and 
[#########]
Pay $4000 on each of the following accounts [########] and [########] with 
the balance of each to be rolled to the end of the contract.
Pay the repairs on the 4995 unit.
I am willing to do the above, but need John Deere to sell me a 995 rotary 
header for ten thousand dollars and refinance the entire unit at a reasonable 
rate (5-6%).
I have gone over this many ways and this is the only way I can survive this 
mess.
If this is something that can be worked out, I will sign a statement there 
will [be] no other legal action taken by me.
I would appreciate it if you would talk directly with me concerning this 
matter.
S/ John E. Kutz
[(###)-###-####]

[2] The 
parties' SETTLEMENT AGREEMENT AND RELEASE provides:
The undersigned, John Kutz, for the sole consideration of the provisions 
herein documented in the settlement agreement made part of this recital, does 
forever release and discharge Deere & Company and Grissoms, L.L.C., their 
subsidiaries and affiliates, dealers, heirs, executors, administrators, agents, 
assigns from all claims, demands, damages, actions, causes of action or lawsuits 
of any kind or nature whatsoever, including revocation of acceptance, and on 
account of all injuries or losses, known and unknown, present and future, both 
to persons and or property, including consequential damages, resulting from a 
fire to John Deere 4995 Windrower, PIN - E04995X330815 and John Derre 994 Rotary 
Platform - PIN - E00994T330222 that occurred on June 23, 2009 at or near Morris, 
Oklahoma.
SETTLEMENT PROVISIONS
1. Deere & Company and Grissoms, L.L.C. will provide a credit of Ten 
Thousand Dollars and No/100 ($10,000.00) towards the purchase of John Deere 995 
Rotary Platform - PIN - E00995T350459.
The undersigned hereby represents that no other person or entity of any kind 
has an interest or right to participate in this Settlement, and agrees to 
defend, indemnify, or hold harmless the parties released hereunder from any 
claim, demand, action, or suit brought by any such person or entity. It is 
understood that this settlement agreement and release only pertains to the 
damages being claimed by John Kutz. This settlement agreement and release does 
not apply to damages that may be claimed by American Farmers & Ranchers 
Mutual Insurance Co.
It is understood and agreed that this settlement is the compromise of a 
disputed claim, and that the agreement made is not to be construed as an 
admission of liability on the part of the parties hereby released, and that said 
released parties deny liability therefore, and intend merely to avoid litigation 
and buy their peace.
In entering into this Settlement Agreement and Release, the undersigned 
represents they had ample opportunity to rely upon the legal advice of their 
attorneys, who are the attorneys of their choice and the terms of this Agreement 
have been completely read and explained to them and those terms are fully 
understood and voluntarily accepted for the purpose of making Full & Final 
compromise, adjustment and settlement of any and all claims, disputed or 
otherwise, present or future, because of incidents described in paragraph I as 
noted above.
The undersigned agrees that all the terms and amounts and activities included 
in this release of all claims are now and forever to be held completely 
confidential and that disclosure of such information can only result from the 
express permission of a representative of the Deere & Company Law Department 
and or under the signature of a judge of appropriate jurisdiction.
THE 
UNDERSIGNED HAS READ THE FOREGOING RELEASE OF ALL CLAIMS AND SETTLEMENT 
AGREEMENT AND FULLY UNDERSTANDS IT.
Signed, sealed and delivered this 25th day of August 2009.

 
 CAUTION: Read before signing. This is a 
release.
Notary Public or Witness

[3] Deere 
also included a counterclaim, the subject matter of which it alleged "arises out 
of the same occurrence alleged in [Kutz's] Petition." In the counterclaim, Deere 
alleges it provided Kutz with the $10,000 credit pursuant to their Settlement 
Agreement and that "in the event the Court should determine that Plaintiff will 
be allowed to rescind the parties' Settlement Agreement," it requested recovery 
of full equipment credit.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2005 OK CIV APP 106, 125 P.3d 1249, SAVAGE v. BURTON
Discussed
 2006 OK CIV APP 82, 137 P.3d 1271, ISHMAEL v. ANDREW
Discussed
 2009 OK CIV APP 13, 217 P.3d 127, DEUTSCHE BANK NATIONAL TRUST CO. v. DANIEL
Discussed
 2010 OK CIV APP 105, 242 P.3d 549, TORTORELLI v. MERCY HEALTH CENTER, INC.
Discussed
 1999 OK CIV APP 121, 992 P.2d 926, 70 OBJ 3795, Clinesmith v. Harrell
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1986 OK 83, 731 P.2d 411, 57 OBJ 3083, Centric Corp. v. Morrison-Knudsen Co.
Discussed at Length
 2006 OK 39, 143 P.3d 203, GAINES v. COMANCHE COUNTY MEDICAL HOSPITAL
Discussed
 2006 OK 43, 157 P.3d 100, REEDS v. WALKER
Discussed
 2007 OK 11, 156 P.3d 41, WHITEHORSE v. JOHNSON
Discussed
 1981 OK 85, 631 P.2d 752, Rose v. Sapulpa Rural Water Co.
Cited
 1982 OK 135, 654 P.2d 616, Corbett v. Combined Communications Corp. of Oklahoma, Inc.
Discussed